*In re* **BREEN**, Joseph Francis (MR 21736)
St. Thomas, Virgin Islands

Order of the Court:

The petition by the Administrator of the Attorney Registration and Disciplinary Commission to impose discipline on consent pursuant to Supreme Court Rule 762(b) is allowed. Respondent Joseph Francis Breen is suspended from the practice of law for six months and until further order of the Court, with the suspension stayed after 90 days, pending completion of a two-year period of probation, subject to the following conditions, with the conditions set forth in subparagraphs (a) through (h) to take effect on the effective date of the order of discipline:

a. Respondent shall comply with the Illinois Rules of Professional Conduct and shall timely cooperate with the Administrator in providing information regarding any investigations relating to his conduct;

b. Prior to the commencement of probation, respondent shall successfully complete his supervision for his convictions of driving under the

681

influence of alcohol, driving under a suspended license, operating an uninsured motor vehicle, and improper traffic lane usage;

c. Respondent shall abstain from alcohol, all other nonprescribed mood-altering substances, and all unprescribed controlled substances;

d. Within 21 days of the Court's order, respondent shall enter into a course of treatment in an intensive outpatient chemical dependency program. Following his completion of this first phase of treatment, respondent shall then engage in an intensive outpatient aftercare program, including regular twelve-step participation, securing and maintaining sponsorship, and attending an aftercare group;

e. Respondent shall, upon request by the Administrator, submit to random substance testing by a mental health professional or facility approved by the Administrator, within eight hours of receiving notice by the Administrator that he shall submit to the testing. The testing shall include assessing for the presence of ethyl glucuronide. The results of the tests shall be reported to the Administrator. Respondent shall pay any and all costs of such testing;

f. Respondent shall keep the Administrator informed of his current course of treatment, his attendance, and any change in the course of treatment;

g. Respondent shall provide all qualified health professionals treating him an appropriate release authorizing the treating professional to:

(1) disclose to the Administrator on at least a quarterly basis information pertaining to the nature of the respondent's compliance with any treatment plan established with respect to respondent's condition;

(2) promptly report to the Administrator respondent's failure to comply with any part of an established treatment plan; and

(3) respond to any inquiries by the Administrator regarding respondent's mental or emotional state or compliance with any established treatment plans;

h. Respondent shall notify the Administrator within 14 days of any change in treatment professionals;

I. Respondent shall attend meetings scheduled by the Commission probation officer as requested by the Administrator. Respondent shall submit quarterly written reports to the Administrator concerning the status of his practice of law and the nature and extent of his compliance with the conditions of probation;

j. Respondent shall reimburse the Commission for the costs of his proceeding as defined in Supreme Court Rule 773 and shall reimburse the Commission for any further costs incurred during the period of probation;

k. At least 30 days prior to the termination of the period of probation, respondent shall reimburse the Client Protection Program Trust Fund for any Client Protection payments arising from his conduct; and

l. Probation shall be revoked if respondent is found to have violated any of the conditions of probation. The remaining period of suspension shall commence on the date respondent's probation is revoked and will continue until further order of the Court. Suspension effective October 9, 2007.